UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCIS PETER HUSNIK,

Plaintiff,

v. Case No. 8:26-cv-2439-TPB-NHA

NAPHCARE, INC., et al.,

Defendants.
_______________________________________/

**ORDER DISMISSING CASE**

Francis Peter Husnik, a pretrial detainee housed in the Land O' Lakes Detention Center, brings this action for federal civil rights violations under 42 U.S.C. § 1983 and moves to proceed *in forma pauperis*. (Docs. 1 and 2) Upon review, Husnik's Complaint must be dismissed without prejudice.[1]

Husnik raises a variety of seemingly unrelated claims that occurred since he was taken into custody on August 17, 2025. (Doc. 1 at 15) He alleges that in December 2025, he was in the hospital when defendant Officer R. Otten entered his hospital room and left his duty belt unattended on a couch within

[1] Under 28 U.S.C. § 1915A(a), the Court must screen certain civil suits brought by prisoners to determine whether they should proceed. A court is required to dismiss a complaint (or any portion thereof) it is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court reads a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

feet of Husnik's hospital bed. (*Id.* at 7) He alleges that, on unidentified dates, defendant Nurse Monk exposed him to blood pathogens by failing to follow proper procedure when performing diabetic blood sugar checks. (*Id.* at 8) He alleges that, on November 21, 2025, defendant Officer Morgan sexually harassed him by watching him in the shower. (*Id.* at 9) He alleges that defendants Naphcare, Inc. and Pasco County denied him proper medical treatment for an infection, which resulted in the amputation of his right leg on July 15, 2026. (*Id.* at 10) He alleges that, on an unidentified date, defendant Dr. T. Gaspar told him that Naphcare would only pay for his medical appointments if he agreed to amputation surgery. (*Id.* at 8) And, he alleges that on December 2, 2025, he was being transported to the jail in a van operated by defendant Allied Universal when he suffered a whiplash injury. (*Id.* at 11)

"A complaint against multiple defendants must allege claims that arise 'out of the same transaction, occurrence, or series of transactions or occurrences' and that involve a 'question of law or fact common to all defendants.'" *Smith v. Warden, Hardee Corr., Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (quoting Fed. R. Civ. P. 20(a)). "A claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (quotations and citations omitted).

Husnik attempts to raise multiple unrelated claims against multiple defendants that occurred on different dates and lack a logical relationship. For example, his claim that he was denied proper medical care, which resulted in amputation of his leg, lacks any logical relationship to his claims of sexual harassment in the shower, of whiplash injury, or of Officer Otten's failure to secure his duty belt. Husnik may not circumvent the Prison Litigation Reform Act's objective of deterring frivolous prisoner complaints by presenting these unrelated claims against multiple defendants in a single action.[2]

Because Husnik's Complaint alleges claims based on discrete events that do not involve a question of law or fact common to all defendants, the Complaint must be dismissed. The dismissal is without prejudice to Husnik filing a new complaint (or complaints), in a new case, with a new case number, that does not improperly join parties and unrelated claims in a single case.

Accordingly, Husnik's Complaint is **DISMISSED WITHOUT PREJUDICE**. The motion to proceed *in forma pauperis* is **DENIED AS MOOT**. The Clerk must mail to Husnik a prisoner civil rights complaint form, terminate any pending motions, and **CLOSE** this case.

---

[2] The Prison Litigation Reform Act's three-strikes rule prohibits a prisoner from bringing a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g).

DONE and ORDERED in Chambers in Tampa, Florida, this 15th day of October, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**